IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| ERNESTINE CHING YOUNG, ET AL., | ) ) ) | CIVIL NO. 07-00068 JMS-LEK |
| Plaintiffs, | ) ) | DISCOVERY ORDER |
| vs. | ) ) | |
| CITY AND COUNTY OF HONOLULU, ET AL., | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

DISCOVERY ORDER

Before the Court is Plaintiffs Ernestine Ching Young,

et al.'s ("Plaintiffs") request to compel Defendant City and

County of Honolulu ("City") to produce documents in response to

Plaintiffs' First Request for Production of Documents to

Defendant City and County of Honolulu, dated May 29, 2007 and

Plaintiffs' Notice of Taking Deposition Upon Oral Examination

Pursuant to Rule 30(b)(6), dated May 29, 2007.  [Pls.' 6/27/07

Letter, at 1.]  The City has raised the doctrine of legislative

immunity, and the attorney-client and deliberative process

privileges in objecting to these discovery requests.  Plaintiffs

argue that the legislative immunity doctrine does not apply and

that the deliberative process privilege does not prevent

production of the requested discovery.  [Pls.' 6/27/07 Letter at

3-6.]

The Court cannot rule on the City's objections in a

vacuum.  Rather, the documents should be described in a privilege

log and, if necessary, reviewed <u>in</u> <u>camera</u> by the Court.   Not all

documents generated in legislation are shielded from production.

For instance, documents that have been publically filed are

clearly not entitled to any protection.   Therefore the Court

provides the following to provide general guidance with regard to

the discovery issue between the parties.

First, the legislative immunity doctrine does not

shield the City's documents from discovery.   Local legislators

are absolutely immune from civil liability for their legislative

acts.   See <u>Thornton v. City of St. Helens</u>, 425 F.3d 1158, 1163

(9th Cir. 2005).   The legislative immunity doctrine also creates

an evidentiary and testimonial privilege.   <u>See</u> <u>A Helping Hand,</u>

<u>LLC v. Baltimore County, Md.</u>, 295 F. Supp. 2d 585, 590 (D. Md.

2003).   Where a legislator is immune from suit for a legislative

act, he cannot be called to testify regarding those same actions.

See <u>Marylanders for Fair Representation, Inc. v. Schaefer</u>, 144

F.R.D. 292, 298 (D. Md. 1992) ("[A] state legislator acting

within the sphere of legitimate legislative activity may not be a

party to a civil suit concerning those activities, nor may he be

required to testify regarding those same actions." (citation and

internal quotation marks omitted)).   The municipality as a whole,

however, is not immune; the immunity is personal to the

individual legislators.   <u>See</u> <u>Kuzinich v. Santa Clara County</u>, 689

F.2d 1345, 1350 (9th Cir. 1982) (citing <u>Owens v. City of</u>

Independence, 445 U.S. 622 (1980); Gorman Towers, Inc. v.

Bogoslavsky, 626 F.2d 607, 613 (8th Cir. 1980)).  Even to the

extent that Plaintiffs request documents from individuals who

would be immune, legislative immunity does not protect their

documents from discovery.  The evidentiary privilege created by

the legislative immunity doctrine means that documents cannot be

used against the legislator; it is not a privilege of non-

disclosure.  See Corporacion Insular de Seguros v. Garcia, 709 F.

Supp. 288, 297 (D. Puerto Rico 1989).  Further, neither the

discovery Plaintiffs seek nor the claims in the complaint attempt

to direct liability at individual City Council members.  See id.

("documents created by legislative activity can, if not protected

by any other privilege, be disclosed and used in a legal dispute

that does not directly involve those who wrote the document,

i.e., the legislator or his aides" (citation omitted)).  Finally,

the legislative immunity doctrine does not apply when the nature

of the legislator's acts was administrative or executive in

nature.  See Kaahumanu v. County of Maui, 315 F.3d 1215, 1219

(9th Cir. 2003) (citing Cinevision Corp. v. City of Burbank, 745

F.2d 560, 580 (9th Cir. 1984); Bogan v. Scott-Harris, 523 U.S.

44, 54, 55 (1998)).

Second, "[t]he purpose of the deliberative process

privilege is to prevent injury to the quality of agency decisions

which could result from premature or indiscriminate disclosure of

deliberations comprising part of the process by which government decisions and policies are formulated."  Carter v. City of Philadelphia, No. CIV.A. 97-4499, 2000 WL 632988, at *3 (E.D. Penn. May 5, 2000) (citation and quotation marks omitted). Accordingly, the privilege is designed to protect, among other things, "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency."  Grand Cent. P'ship, Inc. v. Cuomo, 166 F.3d 473, 482 (2d Cir. 1999) (citations and quotation marks omitted); see also Coastal States Gas Corp. v. United States Dep't of Energy, 617 F.2d 854, 866 (D.C. Cir. 1980).

        To be protected under the privilege, a document must be both "predecisional" and "deliberative."  Renegotiation Bd. v. Grumman Aircraft Eng'g Corp., 421 U.S. 168, 186 (1975); see also Schell v. United States Dep't of Health & Human Servs., 843 F.2d 933, 940 (6th Cir. 1988).  A document is predecisional when it is "received by the decisionmaker on the subject of the decision prior to the time the decision is made."[1]  NLRB v. Sears, Roebuck

---

    [1]  Other courts have held that a document will be considered predecisional if the agency can:  "(i) pinpoint the specific agency decision to which the document correlates, (ii) establish that its author prepared the document for the purpose of assisting the agency official charged with making the agency decision, and (iii) verify that the document precedes in temporal sequence, the decision to which it relates."  Providence Journal Co. v. United States Dep't of the Army, 981 F.2d 552, 557 (1st

(continued...)

& Co., 421 U.S. 132, 151 (1975); see also Renegotiation Bd, 421 U.S. at 184 (noting that a document is predecisional if "prepared in order to assist an agency decisionmaker in arriving at his decision").  A document is deliberative when it is "actually . . . related to the process by which policies are formulated[,]" Hopkins v. United States Dep't of Housing & Urban Dev., 929 F.2d 81, 84 (2d Cir. 1991) (citation and quotation marks omitted), or "reflects the give-and-take of the consultative process." Coastal States Gas, 617 F.2d at 866; see also Parke, Davis & Co. v. Califano, 623 F.2d 1, 6 (6th Cir. 1980) ("The district court must know how each document fits into the deliberative process, and whether it is an essential element of that process or possibly a peripheral item . . . .").  Other courts, including the Ninth Circuit, have looked at whether the document:  "(I) formed an essential link in a specified consultative process, (ii) 'reflect[s] the personal opinions of the writer rather than the policy of the agency' and (iii) if released, would 'inaccurately reflect or prematurely disclose the views of the agency.'"  Providence Journal, 981 F.2d at 559 (quoting National Wildlife Fed'n v. Forest Serv., 861 F.2d 1114, 1118-19 (9th Cir. 1988)) (some citations omitted) (alteration in original).

---

[1](...continued)
Cir. 1992) (internal quotation marks and citations omitted).

Essentially, the key question under any analysis is
whether disclosing the document would expose a municipality's
decision-making process, discourage discussion within the
municipality, and undermine its ability to function.  Moreover,
while the privilege protects advisory materials which truly
reflect the deliberative or policymaking processes of an
municipality, it does not protect purely factual, investigative
material.

After careful consideration of the submissions and
pertinent case law, and for the foregoing reasons, this Court
ORDERS the City to make a good faith search for documents
responsive to Plaintiffs' discovery request.  For documents
responsive to the request and for which the City raises the
foregoing privileges, these documents shall be described as
required by the Federal Rules of Civil Procedure in a privilege
log, which is to be given to Plaintiffs by October 19, 2007.  The
parties shall thereafter meet and confer regarding the privilege
log and whether the City will produce any of these documents.
For documents that the City will not agree to produce, these
documents shall be produced for <u>in</u> <u>camera</u> inspection by
October 26, 2007.

If, after a good faith search for documents in a
particular department, division or council member's offices,
documents responsive to the discovery requests are not found,

then a declaration shall be filed for each department, division

or council member's office which shall attest to the declarant's

personal knowledge of the efforts made to search for the

documents and the specifics as to the search conducted.  The

declaration or declarations shall be filed by October 19, 2007.

A further discovery conference shall be held on October 25, 2007

at 10:30 a.m.

            **IT IS SO ORDERED.**

            DATED AT HONOLULU, HAWAI`I, October 9, 2007.



                          /S/ Leslie E. Kobayashi
                         Leslie E. Kobayashi
                         United States Magistrate Judge

**ERNESTINE CHING YOUNG, ET AL. V. CITY AND COUNTY OF HONOLULU, ET**
**AL; CIVIL NO. 07-00068 JMS-LEK; DISCOVERY ORDER**