IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| ERNESTINE CHING YOUNG, ET AL., | ) ) ) | CIVIL NO. 07-00068 JMS-LEK |
| Plaintiffs, | ) ) | DISCOVERY ORDER |
| vs. | ) ) | |
| CITY AND COUNTY OF HONOLULU, ET AL., | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**ORDER DENYING PLAINTIFFS' MOTION
TO COMPEL PRODUCTION OF DOCUMENTS**

On November 26, 2007, Plaintiffs Ernestine Ching Young,
et al. ("Plaintiffs") filed the instant Motion to Compel
Production of Documents ("Motion").  Defendant City and County of
Honolulu ("the City") filed its memorandum in opposition on
December 20, 2007 and Plaintiffs filed their reply on December
27, 2007.  This matter came on for hearing on January 7, 2008.
Appearing on behalf of Plaintiffs was David Nakashima, Esq., and
appearing on behalf of the City were Don Kitaoka, Esq., and
Kyle Chang, Esq.  On April 4, 2008, this Court orally announced
its denial of the Motion and that it would issue a written order
to that effect.  After careful consideration of the Motion,
supporting and opposing memoranda, and the arguments of counsel,
Plaintiffs' Motion is HEREBY DENIED for the reasons set forth
below.

## BACKGROUND

Plaintiffs own leasehold, residential condominium units in the Admiral Thomas Apartments in Honolulu ("Admiral Thomas"). Plaintiffs and the City entered into contracts to allow Plaintiffs to purchase the fee interest for their respective units ("the Contracts") pursuant to Chapter 38 of the Revised Ordinances of Honolulu 1990 ("Chapter 38").  Plaintiffs were all properly qualified and designated under Chapter 38 and the Rules of Residential Condominium Cooperative and Planned Development Leasehold Conversion.

On May 8, 2003, the City initiated an eminent domain action regarding the Admiral Thomas in state court pursuant to Chapter 38 ("the Condemnation Action").  During the pendency of the Condemnation Action, Honolulu City Council ("Council") Member Mike Gabbard introduced Council Bill 04-53 (2004), which provided for the repeal of Chapter 38 ("Bill 53").  On or about January 5, 2005, Council Member Charles Djou introduced a modified version of Bill 53 which would have exempted leasehold condominium developments that were validly designated for fee conversion before Bill 53's effective date or that had a sufficient number of lessees who had lease fee purchase contracts with the City before Bill 53's effective date.  The Council's Executive Matters Committee ("EMC") rejected Djou's draft on January 13, 2005.

2

After that vote, Council Member Romy Cachola asked James Mee, Esq., who represented the lessors of the Admiral Thomas and other properties, to clarify his proposed amendments to Bill 53.  Mee informed the EMC that his suggested modification would clarify that only the units designated by the City and approved by the Council would be exempt.  Council Member Barbara Marshall expressed concern with Mee's proposed "savings clause" and asked to hear from the attorneys representing the lessees: "I'd like to hear from the other side.  I'm a little leery about taking **a recommendation** of an attorney from one side of an issue this controversial **which** I believe **contradicts advice of our own counsel**. . . ."  [Mem in Supp. of Motion at 6 (quoting Exh. 5 to Motion) (emphases in original).]  Joachim Cox, Esq., attorney for the Kahala Beach Apartment lessees responded that Mee's savings clause would prevent additional individuals from going forward, even if they had a contract with the City.  He also argued that repealing Chapter 38 would constitute a breach of the contracts held by the lessees at the Kahala Beach Apartments and the Admiral Thomas.

The Council ultimately adopted a version of Bill 53 containing Mee's savings clause and Mayor Mufi Hannemann approved and signed Bill 53 into law.  It became Honolulu City Ordinance 05-001 ("the Repeal Ordinance").  Plaintiffs contend that the Repeal Ordinance unnecessarily bars qualified and designated

applicants who had already begun the process to purchase the fee interests for their units.  For example, five Admiral Thomas unit owners were designated by the City in 2004, but the Council refused to approve them before the adoption of the Repeal Ordinance ("Group Three Plaintiffs").  They are now barred from joining ongoing condemnation actions.  The state court dismissed Condemnation Action because the Group Three Plaintiffs could not join.

Plaintiffs filed the instant action on February 8, 2007.  Their First Amended Complaint, filed February 26, 2007, alleges *inter alia*, that: Chapter 38 should be construed to apply to them because its repeal violates their constitutional rights; and the City breached the Contracts.

On May 29, 2007, Plaintiffs sent two discovery requests to the City.  The City objected, claiming that the requested information was protected by the attorney-client privilege, legislative immunity, and the deliberative process privilege. After the parties submitted letter briefs on these issues, this Court issued a Discovery Order on October 9, 2007.  This Court ordered the City to conduct a good faith search for responsive documents and to create a privilege log for any documents the City believed were privileged.  The Court instructed the parties to meet and confer on the issue and to submit any documents that the City still refused to produce for the Court's *in camera*

4

inspection.  The City did so and, on November 6, 2007, this Court issued another Discovery Order, which required the City to produce some of the documents referenced in its privilege log. The Court, however, found that the remainder of the documents were protected from discovery based on the privileges that the City asserted.

In the instant Motion, Plaintiffs seek an order compelling the City to produce various documents referenced in its privilege log.  [Mem. in Supp. of Motion at 3 (listing documents by Bates stamp numbers).]  Plaintiffs argue that the City waived all claims of privilege as to any and all documents referring, relating, and/or regarding legal advice about Mee's savings clause because Council Member Marshall voluntarily disclosed the fact that the adoption of Mee's savings clause contradicted the advice of the Council's attorneys.  According to Plaintiffs, this disclosure waived the deliberative process privilege because the disclosure of material and/or information to persons or entities outside the government constitutes a waiver.  They emphasize that her voluntary disclosure was on the record and is available to the public.  Further, it was more than a vague allusion to privileged information; she summarized a significant portion of the legal advice.  Plaintiffs also contend that Council Member Marshall had the authority to waive the deliberative process privilege, and other privileges, for the

Council.  Moreover, none of the other Council members objected to
or took steps to rectify her disclosure.  The City's current
objections, almost three years after the fact, does not render
the matter privileged.

Plaintiffs also argue that Council Member Marshall's
disclosure waived the attorney-client privilege.  Pursuant to the
fairness doctrine, the City cannot disclose as much of counsel's
advice as it pleases and withhold the remainder.  Under Ninth
Circuit law, a voluntary disclosure of privileged attorney
communication waives the privilege as to all other communication
on the same subject.  Plaintiffs contend that courts interpret
the same subject requirement broadly and that communications
between the City and its attorneys regarding the adoption of
Mee's savings clause are clearly the same subject matter as
Council Member Marshall's disclosure.

Finally, Plaintiffs argue that the disclosure waived
the protection of the work product doctrine.  Council Member
Marshall made the disclosure during a public meeting with many
people in the audience who opposed Bill 53 and Mee's savings
clause.  Thus, the disclosure substantially increased the
opportunity for the City's adversaries to obtain information
about legal advice that the Council obtained, and the disclosure
was inconsistent with maintaining the secrecy of the legal
advice.  In addition, Plaintiffs have a substantial need for the

information because whether the Council rejected contrary legal advice in adopting the Repeal Ordinance is relevant to the issue whether the impairment of the Contracts was reasonable and necessary to fulfill an important public purpose.

In its memorandum in opposition to the Motion, the City argues that Council Member Marshall did not have the authority to waive privileges for the Council.  The City argues that, under state law, a single member of the Council can only waive privileges for the Council when she has actual or apparent authority to do so.  Similarly, under federal law, a council member will not be found to have waived others' privileges unless there is evidence that she had authority to do so.  The City asserts that there is no evidence that Council Member Marshall had actual or apparent authority to waive the Council's or the City's privileges.

The City also argues that, even assuming, *arguendo*, that Council Member Marshall had the required authority, she did not waive the deliberative process privilege because she did not disclose a significant portion of the legal advice.  Her statement that she believed the adoption of Mee's savings clause was contrary to the advice of counsel did not divulge the substance of any legal advice.  The City also stresses that no documents regarding counsel's advice were disseminated in this case.

With regard to the attorney-client privilege, the City emphasizes that Marshall did not disclose any legal research, theories, impressions, or conclusions.  Further, even assuming, *arguendo*, that Marshall's statements waived her individual protection arising from the work product doctrine, the City's Department of the Corporation Counsel ("Corporation Counsel"), which gave advice as legal counsel for the City, is also protected.  The City argues that Council Member Marshall could not waive Corporation Counsel's protection.

In their reply, Plaintiffs assert that Council Member Marshall's statements, taken in context, reveal the substance of Corporation Counsel's legal advice.  Plaintiffs also point out that the City did not address the complete lack of timely objection to or rectification of Marshall's disclosure.  Since courts strictly construe the attorney-client privilege, even an inadvertent disclosure constitutes a waiver, particularly where there is a failure to object or rectify the consequences. Plaintiffs clarify that they do not argue that Marshall's statements waived the Council's attorney-client privilege as to all documents concerning Bill 53.  Finally, with regard to the work product doctrine, Plaintiffs note that the City did not refute Plaintiffs' substantial need for the discovery.

## DISCUSSION

Federal Rule of Civil Procedure 26(b)(1) provides, in

8

pertinent part: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]"  In the instant Motion, Plaintiffs seek documents referring or relating to Corporation Counsel's legal advice about Mee's savings clause.  This Court reviewed these documents *in camera* and ruled in its November 6, 2007 Discovery Order that the documents were protected by the deliberative process privilege, the attorney-client privilege, and the attorney work product doctrine, as the City asserted.  Plaintiffs argue that Council Member Marshall waived these protections with her disclosure during the public session.  The City argues that the protections belong to the Council and the City and that Marshall did not have the authority to waive them.

> Federal Rule of Evidence 501 states:
>
> Except as otherwise required by the Constitution
> of the United States or provided by Act of
> Congress or in rules prescribed by the Supreme
> Court pursuant to statutory authority, the
> privilege of a witness, person, government, State,
> or political subdivision thereof shall be governed
> by the principles of the common law as they may be
> interpreted by the courts of the United States in
> the light of reason and experience. . . .

Thus, federal law controls the applicable privileges where jurisdiction is based on a federal question.  See City of Rialto v. United States Dep't of Def., 492 F. Supp. 2d 1193, 1197 n.3 (C.D. Cal. 2007) (citing Kerr v. U.S. Dist. Court for the N. Dist. of Calif., 511 F.2d 192, 197 (9th Cir. 1975)).  While

Plaintiffs also have a pendent state law contract claim, federal
law privilege still applies.  See Fed. R. Evid. 501 advisory
committee's note (1974 Enactment) ("[i]t is also intended that
the Federal law of privileges should be applied with respect to
pendent State law claims where they arise in a Federal question
case").

## I.   Deliberative Process Privilege

     Federal law recognizes a deliberative process
privilege, the purpose of which is "'to allow agencies freely to
explore possibilities, engage in internal debates, or play
devil's advocate without fear of public scrutiny.'"  Carter v.
United States Dep't of Commerce, 307 F.3d 1084, 1088-89 (9th Cir.
2002) (quoting Assembly of Cal. v. United States Dep't of
Commerce ("Assembly"), 968 F.2d 916, 920 (9th Cir. 1992)) (some
citations omitted).  In other words, it ensures that government
agencies do not have to operate in a fishbowl.  See id. at 1090.
The privilege protects "'documents reflecting advisory opinions,
recommendations and deliberations comprising part of a process by
which governmental decisions and policies are formulated.'"  Id.
at 1089 (quoting Dep't of Interior v. Klamath Water Users
Protective Assoc., 532 U.S. 1, 8 (2001)).

     A document falls within the deliberative process
privilege if it is predecisional and deliberative.  See id.

          "A predecisional document is one prepared in order
          to assist an agency decisionmaker in arriving at

10

his decision, and may include recommendations,
draft documents, proposals, suggestions, and other
subjective documents which reflect the personal
opinions of the writer rather than the policy of
the agency.  A predecisional document is a part of
the deliberative process, if the disclosure of
[the] materials would expose an agency's
decisionmaking process in such a way as to
discourage candid discussion within the agency and
thereby undermine the agency's ability to perform
its functions."

Carter, 307 F.3d at 1089 (quoting Assembly, 968 F.2d at 920)

(some citations and quotation marks omitted).  This Court has

ruled that the City properly asserted the deliberative process

privilege with respect to the disputed documents.

## A.   Waiver

Plaintiffs argue that Council Member Marshall's

statements constituted a waiver of the deliberative process

privilege with regard to the requested documents.  The City

argues that Council Member Marshall did not have the authority to

waive the deliberative process privilege on behalf of the City

and, even if she did, her statements did not constitute a waiver.

The Court need not address whether Council Member

Marshall had the authority to waive the deliberative process

privilege because the Ninth Circuit does not consider prior

disclosure of information to constitute a waiver of the

deliberative process privilege because "'[a]gencies should not be

penalized for openness.'"  See Carter, 307 F.3d at 1091 (quoting

Assembly, 968 F.2d at 922-23 n.5 (alteration in original).

11

Courts should only consider prior disclosures "to determine whether the disclosure would expose the decision-making process any more than it has already been disclosed." <u>Id.</u>  Thus, the issue is whether the disclosure of the requested documents would expose the Council's decision-making process more than Council Member Marshall's statements did.

Council Member Marshall essentially stated that she believed that Mee's savings clause contradicted Corporation Counsel's advice.  Her statements did not provide any details about the advice and only reflected her beliefs about such advice.  The Court finds that disclosure of the requested documents would expose the Council's decision-making process more than Council Member Marshall's statements did and therefore her statements do not negate the deliberative process privilege.

**B.    <u>Overcoming the Deliberative Process Privilege</u>**

The deliberative process privilege, however, is a qualified privilege.  <u>See</u> <u>F.T.C. v. Warner Commc'ns Inc.</u>, 742 F.2d 1156, 1161 (9th Cir. 1984).  A litigant may overcome the privilege if his need for the materials and the interest in accurate fact-finding outweighs the government's interest in non-disclosure.  <u>See</u> <u>id.</u>  Among the factors that courts may consider in making this determination are: "1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which

12

disclosure would hinder frank and independent discussion regarding contemplated policies and decisions[;]" see id. (citations omitted); "5) the interest of the litigant, and ultimately society, in accurate judicial fact finding, (6) the seriousness of the litigation and the issues involved, (7) the presence of issues concerning alleged governmental misconduct, and (8) the federal interest in the enforcement of federal law." N. Pacifica, LLC v. City of Pacifica, 274 F. Supp. 2d 1118, 1122 (N.D. Cal. 2003) (citation omitted).

The interest in accurate fact finding always weighs in favor of disclosure. See id. at 1124. In the present case, the City's role as the sole defendant, the federal interest in the enforcement of Plaintiffs' federal constitutional rights, and the seriousness of the litigation and the issues involved weigh in favor of disclosure. Further, as in North Pacifica, "the decisionmaking process of the City Council is by no means collateral to the litigation; indeed, the decisionmaking process is not swept up into the case, it is the case." Id. (citation and quotation marks omitted) (emphasis in original).

The Court, however, finds that Corporation Counsel's legal advice about Mee's savings clause is of limited relevance to the instant case because the courts are able to determine the legal issues involved in this case without such evidence. To the extent that the documents sought contain factual information

13

about the Council's consideration of Mee's savings clause, the
Court finds that comparable evidence is available in the
Council's public record and the other documents that the City
previously disclosed.  The availability of comparable evidence
from other sources is arguably the most important factor in
determining whether the moving party has overcome the
deliberative process privilege.  See id.  Finally, the Court
finds that compelling the City to disclose documents containing
Corporation Counsel's legal advice about Mee's savings clause
would hinder frank and independent discussions of bills pending
before the Council.  The Council members would likely be
discouraged from any discussion of Corporation Counsel's advice
about pending legislation if this Court were to find that a
general reference like Council Member Marshall's statements would
require the disclosure of all documents relating to Corporation
Counsel's advice on the issue.

Thus, having considered the relevant factors, the Court
finds that the City's interest in non-disclosure outweighs
Plaintiffs' interest in disclosure and that Plaintiffs have not
overcome the deliberative process privilege.

## III. Attorney-client Privilege and Work Product Doctrine

This Court ruled in its November 6, 2007 Discovery
Order that the City properly asserted the attorney-client
privilege and the work product doctrine with regard to the

documents at issue here.  The Court therefore turns to
Plaintiffs' argument that these protections have been waived.

        If a privileged communication is disclosed to someone
outside the attorney-client relationship, the privilege is waived
as to communications about the matter actually disclosed, and
intent (or lack thereof) to waive the attorney-client privilege
is not dispositive.  See Tennenbaum v. Deloitte & Touche, 77 F.3d
337, 341 (9th Cir. 1996) (citing Weil v. Investment/Indicators,
Research & Management, 647 F.2d 18 (9th Cir. 1981)).  A court may
then deem an "express waiver" or "waiver by voluntary
disclosure", as referred to by some commentators in order to
distinguish this type of waiver from an "implied waiver," or
"waiver by claim assertion".  See Bittaker v. Woodford, 331 F.3d
715, 719 n.4 (9th Cir. 2003) (citations omitted).  For instance,
such waiver would occur where documents are turned over to a
third party not bound by the privilege.  The Ninth Circuit has
stated that a waiver of attorney-client "applies equally to the
work product privilege, a complementary rule that protects many
of the same interests." Id. at 722 n.6 (citing Upjohn Co. v.
United States, 449 U.S. 383, 400 (1981)).

        Plaintiffs argue that Council Member Marshall's
disclosure during a public session constitutes an express waiver
of the attorney-client privilege and the work product doctrine.
The City counters that these protections belong to the City and

15

the Council and that Council Member Marshall did not have the authority to waive them.  This Court agrees.

An agent acting within the scope of her authority can waive a corporation's privilege.  See Interfaith Housing Delaware, Inc. v. Town of Georgetown, 841 F. Supp. 1393, 1399 (D. Del. 1994); see also Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 348 (1985) ("[T]he power to waive the corporate attorney-client privilege rests with the corporation's management and is normally exercised by its officers and directors.").  Thus, a corporation's president can make statements waiving the corporation's attorney-client privilege, as a mayor can for a city.  See Interfaith Housing, 841 F. Supp. at 1399.  A corporate president and a mayor "have clear leadership positions which give them authority to bind their respective principals.  One can reasonably assume a mayor or corporate president has the authority . . . to waive the attorney-client privilege."  Id. (citations omitted).  In contrast, a reasonably prudent person would not assume that a single member of a city or town council has the authority to waive privileges on behalf of the city or town without evidence of such authority.  See id.; see also United States v. Ferrell, No. CR07-0066MJP, 2007 WL 2220213, at *3 (W.D. Wash. Aug. 1, 2007) ("It is generally agreed that the [attorney-client] privilege belongs to the government agency, and not an individual

16

government employee.  'The privilege for governmental entities
may be asserted or waived by the responsible public official or
body.'" (quoting Restatement Third, Law Governing Lawyers § 74,
Comment e)); N. Pacifica, 274 F. Supp. 2d at 1126 n.3 (stating
that, even where a city council member willingly testified about
his or her uncommunicated motivations, the court would not rule
that this waived the deliberative process privilege because "the
privilege is held by the body and not the individual legislator"
(citing Nissei Sangyo Am. v. IRS, No. 95-1019 (TFH/PJA), 1997
U.S. Dist. LEXIS 22473, at *20 (D.D.C. May 8, 1997) (noting that
privilege belongs to government))).

          In the present case, Plaintiffs have not presented any
evidence establishing that individual Council members, or Council
Member Marshall in particular, have the authority to make legal
decisions on behalf of the City.  The Court therefore finds that
Council Member Marshall did not have the authority to waive the
attorney-client privilege or the protection of the work product
doctrine on behalf of the City or the Council.  Council Member
Marshall's statements therefore did not constitute a waiver of
the attorney-client privilege or the protection of the work
product doctrine.

          In light of the Court's findings, the Court need not
address the remainder of Plaintiffs' arguments.

## <u>CONCLUSION</u>

On the basis of the foregoing, Plaintiffs' Motion to Compel Production of Documents, filed November 26, 2007, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 8, 2008.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

<u>ERNESTINE CHING YOUNG, ET AL. V. CITY & COUNTY OF HONOLULU; CIVIL NO. 07-00068 JMS-LEK; ORDER DENYING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS</u>