IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ERNESTINE CHING YOUNG, ET AL., | ) ) ) | CIVIL NO. 07-00068 JMS-LEK |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| CITY & COUNTY OF HONOLULU, | ) ) ) | |
| Defendant. | ) ) | |

**REPORT OF SPECIAL MASTER ON PLAINTIFFS' OBJECTIONS TO DEFENDANT CITY AND COUNTY OF HONOLULU'S ITEMIZED BILL OF COSTS**

Before the Court, pursuant to a designation by United States District Judge J. Michael Seabright, is Plaintiffs' Objections to Defendant City and County of Honolulu's Itemized Bill of Costs ("Objections"), filed May 12, 2009.  Defendant City and County of Honolulu ("Defendant") filed its Bill of Costs on May 1, 2009.  In accord with Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"), the Court finds this matter suitable for disposition without a hearing.  After reviewing the parties' submissions, the Court FINDS and RECOMMENDS that Plaintiffs' Objections should be GRANTED.

**BACKGROUND**

Plaintiffs own leasehold, residential condominium units in the Admiral Thomas Apartments in Honolulu.  Plaintiffs and Defendant entered into contracts to allow Plaintiffs to purchase

the fee interest for their respective units ("the Contracts") pursuant to Chapter 38 of the Revised Ordinances of Honolulu 1990 ("Chapter 38").  The instant case arises out of the subsequent repeal of Chapter 38.

Plaintiffs filed the instant action on February 8, 2007.  Their First Amended Complaint, filed February 26, 2007, alleges, *inter alia*, that: Chapter 38 should be construed to apply to them because its repeal violates their constitutional rights; and Defendant breached the Contracts.

On April 30, 2009, the district judge entered his Order: (1) Granting Defendant's Motion For Partial Summary Judgment on Counts I-III of the First Amended Complaint; (2) Denying Plaintiffs' Motion For Partial Summary Judgment on Counts I and III of the First Amended Complaint; and (3) Dismissing Remaining State Law Claims ("Summary Judgment Order").  Later that day, final judgment was entered in favor of Defendant pursuant to the Summary Judgment Order.

In the Bill of Costs, Defendant seeks taxation of the following costs:

| | |
|---|---:|
| Fees of the court reporter | $2,036.44 |
| Fees and disbursements for printing | $2,650.95 |
| **Total** | **$4,687.39** |

[Bill of Costs at 1.]

Plaintiffs object to Defendant's request for copying costs because: 1) the request is not sufficiently documented; 2)

no costs should be taxed for copies served on Plaintiffs electronically through CM/ECF; 3) Defendant's court filings included over 7,000 pages of supporting documents in their entirety instead of extracting and filing only relevant pages; and 4) Defendant did not cite legal authority to support its position that the copying costs for pleadings and discovery documents given to Plaintiffs and the Court are taxable. Finally, Plaintiffs point out that Defendant's counsel did not meet-and-confer with Plaintiffs' counsel regarding the request for costs, as required by Local Rule 54.2(c).

## DISCUSSION

### I. Meet-and-confer Requirement

An affidavit in support of a bill of costs must include: "a representation that counsel met and conferred in an effort to resolve any disputes about the claimed costs, . . . the results of such a conference, or that the prevailing party made a good faith effort to arrange such a conference, setting forth the reasons the conference was not held."  Local Rule LR54.2(c).

Defendant's Bill of Costs includes the Declaration of Kyle K. Chang ("Chang Declaration").[1]  The Chang Declaration does not address the meet-and-confer requirement, and there is no indication any where else in the record that Defendant's counsel

---

[1] Mr. Chang is one of the attorneys who represent Defendant in this matter.

complied with Local Rule 54.2(c)'s meet-and-confer requirement. This Court therefore FINDS that the district judge should not consider Defendant's request for costs at this time. The Court RECOMMENDS that the district judge GRANT Plaintiffs' Objections, but allow Defendant to file an amended bill of costs after Defendant has complied with Local Rule 54.2(c).

## II. Copying Costs

In order to provide guidance to Defendant if it is allowed to amend its Bill of Costs, this Court notes that Defendant's request for copying costs is not sufficiently documented.

Defendant apparently seeks $2,650.95 for in-house copying of "pleadings and discovery documents given to Plaintiffs and the Court." [Bill of Costs at 1; Chang Decl. at ¶ 6.] Local Rule 54.2(f)4. states, in pertinent part:

> The cost of copies necessarily obtained for use in the case is taxable provided the party seeking recovery submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied. The practice of this court is to allow taxation of copies at $.15 per page or the actual cost charged by commercial copiers, provided such charges are reasonable.

In the memorandum in support of the Bill of Costs, Defendant appears to represent that its in-house copies were charged at $0.15 per page in accordance with Local Rule 54.2(f)4. [Mem. in Supp. of Bill of Costs at 6.] Thus, Defendant did comply with

the requirement to identify the cost per page and the intended purpose of the documents copied.  Defendant, however, failed to name the documents copied, the number of pages in each document, and the number of copies made of each document.

If the district judge grants Defendant leave to file an amended bill of costs, Defendant's submission must be in full compliance with Local Rule 54.2(f)4.  Defendant should also address: whether providing hard copies of the documents was necessary if Defendant served Plaintiffs electronically via CM/ECF; and whether submitting entire documents as attachments to court filings was necessary.  The Court cautions Defendant that, if its amended bill of costs does not fully comply with Local Rule 54.2(f)4., this Court will recommend that Defendant's request for costs be denied with prejudice.

## CONCLUSION

In accordance with the foregoing, this Court, acting as Special Master, HEREBY FINDS and RECOMMENDS that Plaintiffs' Objections to Defendant City and County of Honolulu's Itemized Bill of Costs, filed May 12, 2009, be GRANTED.  This Court RECOMMENDS that the district judge allow Defendant to file an amended bill of costs within thirty days of the order ruling upon Plaintiffs' Objections.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, June 30, 2009.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**ERNESTINE CHING YOUNG, ET AL. V. CITY & COUNTY OF HONOLULU; CIVIL NO. 07-00068 JMS-LEK; REPORT OF SPECIAL MASTER ON PLAINTIFFS' OBJECTIONS TO DEFENDANT CITY AND COUNTY OF HONOLULU'S ITEMIZED BILL OF COSTS**