IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHING YOUNG, ET AL., | ) | CIVIL NO 07-00068 JMS-LEK |
| | ) | |
|       Plaintiff, | ) | |
| | ) | |
|   vs. | ) | |
| | ) | |
| CITY & COUNTY OF HONOLULU, | ) | |
| | ) | |
|       Defendant. | ) | |
| _____ | ) | |

**REPORT OF SPECIAL MASTER ON
PLAINTIFFS' OBJECTIONS TO DEFENDANT CITY AND
<u>COUNTY OF HONOLULU'S AMENDED ITEMIZED BILL OF COSTS</u>**

Before the Court, pursuant to a designation by United States District Judge J. Michael Seabright, is Plaintiffs' Objections to Defendant City and County of Honolulu's Amended Itemized Bill of Costs ("Amended Objections"), filed August 31, 2009. Defendant City and County of Honolulu ("Defendant") filed its Amended Itemized Bill of Costs ("Amended Bill of Costs") on August 20, 20009. In accord with Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"), the Court finds this matter suitable for disposition without a hearing. After reviewing the parties' submissions, the Court FINDS AND RECOMMENDS that Plaintiffs' Objections be GRANTED IN PART AND DENIED IN PART. The Court RECOMMENDS that the district judge tax costs in favor of Defendant and against Plaintiffs in the amount of $2,364.49.

## BACKGROUND

The instant case arises out of the repeal of Chapter 38 of the Revised Ordinances of Honolulu 1990 ("Chapter 38"). Plaintiffs, owners of leasehold, residential condominium units in the Admiral Thomas Apartments, were unable to purchase the fee interests in their respective units from Defendant after the repeal of Chapter 38. Plaintiffs filed the instant action on February 8, 2007, and final judgment was ultimately entered in favor of Defendant on all counts on April 30, 2009.

Defendant filed its original Bill of Costs on May 1, 2009, seeking the taxation of the following costs:

| | |
|---|---:|
| Fees of the court reporter | $2,036.44 |
| Fees and disbursements for printing | $2,650.95 |
| **Total** | **$4,687.39** |

[Bill of Costs at 1.] Plaintiffs filed their objections to the original Bill of Costs on May 12, 2009.

On July 1, 2009, this Court issued its Report of Special Master on Plaintiffs' Objections to Defendant City and County of Honolulu's Itemized Bill of Costs ("Report"). This Court recommended that the district judge grant Plaintiffs' objections because Defendant did not comply with Local Rule 54.2(c)'s meet-and-confer requirement. In order to provide guidance to Defendant if the district judge allowed it to amend its Bill of Costs, this Court noted that the Bill of Costs did not include sufficient supporting documentation. Specifically,

2

this Court stated:

> Defendant, however, failed to name the documents copied, the number of pages in each document, and the number of copies made of each document.
> If the district judge grants Defendant leave to file an amended bill of costs, Defendant's submission must be in full compliance with Local Rule 54.2(f)4. Defendant should also address: whether providing hard copies of the documents was necessary if Defendant served Plaintiffs electronically via CM/ECF; and whether submitting entire documents as attachments to court filings was necessary. The Court cautions Defendant that, if its amended bill of costs does not fully comply with Local Rule 54.2(f)4., this Court will recommend that Defendant's request for costs be denied with prejudice.

[Report at 5.] This Court recommended that the district judge allow Defendant to file an amended bill of costs within thirty days after the district judge ruled on Plaintiffs' objections. The district judge adopted the Report on July 24, 2009.

In the instant Amended Bill of Costs, Defendant seeks the taxation of the following costs:

| | |
|---|---:|
| Fees of the court reporter | $2,036.44 |
| Fees and disbursements for printing | $2,599.00 |
| **Total** | **$4,635.44** |

[Amended Bill of Costs (form) at 1.] Defendant states that the documents copied were pleadings and discovery documents given to Plaintiffs and the district court in this case. [Amended Bill of Costs, Decl. of Brad T. Saito ("Saito Decl.") at ¶ 6.] The Amended Bill of Costs includes a list of each document copied, the number of copies that counsel made of each document, and the number of pages in each document. [Amended Bill of Costs at 5-

22.]

In the Amended Objections, Plaintiffs argue that the Amended Bill of Costs is insufficient to support an award of costs because: Defendant still fails to address all of the requirements under Local Rule 54.2(f)(4); and Defendant did not address the Report's instruction to explain why it was necessary to copy approximately 15,000 pages of exhibits that were electronically served on Plaintiffs.  Plaintiffs therefore argue that the Amended Bill of Costs should be denied with prejudice.

### DISCUSSION

**I.    Entitlement to Costs**

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  On April 30, 2009, the Clerk of the Court entered final judgment in favor of Defendant on all counts.  This Court therefore finds that Defendant is the prevailing party for purposes of Rule 54(d)(1).

A district court may exercise discretion in allowing or disallowing reimbursement of the costs of litigation, but it may not tax costs beyond those enumerated in 28 U.S.C. § 1920.  See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded on other grounds, 42 U.S.C. § 1988(c).

"Courts, however, are free to construe the meaning and scope of the items enumerated as taxable costs in § 1920." Frederick v. City of Portland, 162 F.R.D. 139, 142 (D. Or. 1995) (citing Alflex Corp. v. Underwriters Lab., Inc., 914 F.2d 175, 177 (9th Cir. 1990) (per curiam)).  Section 1920 enumerates the following costs:

>    (1)  Fees of the clerk and marshal;
>    (2)  Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>    (3)  Fees and disbursements for printing and witnesses;
>    (4)  Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>    (5)  Docket fees under section 1923 of this title;
>    (6)  Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

## II. Calculation of Costs

### A. Copying Costs

Defendant seeks a total of $2,599.00 for in-house copies of various discovery requests to Plaintiffs and of Defendant's court filings associated with the motions for summary judgment.  Defendant stated the name of each document, the number of pages in each document, and the number of copies that counsel made of each document.  [Amended Bill of Costs at 5-22; Saito Decl. at ¶ 4 (attesting to the accuracy of the costs set forth in

the Amended Bill of Costs).] Defendant requests $0.15 per page. [Id. at 22.] Defendant's copies fall within the following relevant categories:

```
Discovery requests - 2 copies of each        1,454 pages
Discovery requests - 1 copy of each            576
Summary judgment motions and memoranda         350
Exhibits to Def.'s summary judgment motions 14,916
Exhibits re Pltfs.' summary judgment motion     34
                                   Total   17,330 pages
```

### 1. Compliance with Local Rules

Plaintiffs' first objection is that the Amended Bill of Costs does not comply with Local Rule 54.2(f)(4), which states:

> The cost of copies necessarily obtained for use in the case is taxable provided the party seeking recovery submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied. As of the effective date of these rules, the practice of this court is to allow taxation of copies at $.15 per page or the actual cost charged by commercial copiers, provided such charges are reasonable. The cost of copies obtained for the use and/or convenience of the party seeking recovery and its counsel is not taxable.

Plaintiffs argue that the Amended Bill of Costs does not satisfy the requirements of Local Rule 54.2(f)(4) because Defendant has not established that the copies were necessarily obtained for use in the case, nor did Defendant specify the use of or intended purpose of the items copied.

Defendant provided a declaration stating that all of the requested costs were necessarily incurred in this case and that the "[i]n-house copies were made of pleadings and discovery

documents given to Plaintiffs and the Court." [Saito Decl. at ¶¶ 4, 6.]  Defendant requests the cost of two copies of each of the filings associated with the summary judgment motions.  This is consistent with the requirement that parties provide the district court with two courtesy copies of motion papers filed electronically.  It does not appear that Defendant is seeking the cost of copies of court filings made for Plaintiffs, who Defendant served electronically.  The Court therefore finds that Defendant's two copies of all filings associated with the motions for summary judgment were necessarily obtained for use as courtesy copies for the district court.

     The remainder of the documents copied were discovery requests directed to Plaintiffs.  For some of the documents, Defendant seeks the cost of two copies, and for the other documents, Defendant only seeks the cost of one copy.  The court finds that one copy of each discovery request was necessarily obtained to serve on Plaintiffs.  Defendant has not established that the second copies were necessarily obtained for use in this case.  This Court finds that 1,303 pages of Defendant's discovery requests are taxable and 727 pages are not taxable.  This Court therefore RECOMMENDS that Plaintiffs' Objections be GRANTED IN PART AND DENIED IN PART as to Defendant's failure to comply with Local Rule 54.2(f)(4).

### 2. **Compliance with the Report**

Plaintiffs' second objection is that the Amended Bill of Costs does not satisfy the requirements which were set forth in the Report and adopted by the district judge. The Report instructed Defendant to explain whether it was necessary to submit entire documents as attachments to its court filings. Defendant's Separate Concise Statement of Facts in Support of its Motion for Partial Summary Judgment on Counts I, II and III of Plaintiffs' First Amended Complaint Filed on February 26, 2007 consisted of 3,898 pages, and Defendant's Separate Concise Statement of Facts in Support of its Motion for Partial Summary Judgment on Counts IV Through XI of Plaintiffs' First Amended Complaint Filed on February 26, 2007 consisted of 3,560 pages. Thus, Defendant seeks reimbursement for a total of 14,916 pages in two copies of each separate and concise statement ("Exhibit Copies").[1] Defendant failed to address the necessity of the Exhibit Copies in the Amended Bill of Costs. Plaintiffs therefore argue that Defendant's request for costs associated with the Exhibit Copies should be denied with prejudice.

---

[1] Defendant's Separate Concise Statement of Facts in Opposition to Plaintiffs' Motion for Summary Judgment on Counts I and III of the First Amended Complaint Filed February 17, 2009 consists of seventeen pages and this Court finds that the exhibits attached thereto were not excessive. These copies were necessarily obtained for use in the case, and the costs associated therewith are taxable. The Court therefore will not include these copies within the contested "Exhibit Copies".

This Court agrees with Plaintiffs and the district judge[2] that the number of Exhibit Copies was excessive. The merits of this case, however, relied heavily on documentary evidence. Thus, it was necessary for Defendant to submit the relevant portions of certain documents as exhibits in support of its motions for summary judgment. This Court therefore rejects Plaintiffs' argument that Defendant's costs for the Exhibit Copies should be denied in their entirety. This Court finds that 1,500 pages, or approximately ten percent of the Exhibit Copies, were reasonably necessary to support Defendant's motions for summary judgment. The costs associated with 1,500 pages are therefore taxable. The remaining 13,416 pages of the Exhibit Copies were not reasonably necessary, and the costs associated therewith are not taxable. Thus, this Court RECOMMENDS that Plaintiffs' Objections be GRANTED IN PART AND DENIED IN PART as to Defendant's failure to comply with the Report's requirements.

### 3. <u>Summary of Taxable Copying Costs</u>

The Court FINDS that the following copying costs are taxable:

```
Discovery requests - 1 copy each              1,303 pages
Summary judgment motions and memoranda          350
Exhibits to Def.'s summary judgment motions   1,500
Exhibits re Pltfs. summary judgment motion       34
```

---

[2] At the hearing on the motions for summary judgment, the district judge chastised Defendant's counsel for the manner in which Defendant submitted exhibits to the motions. [Trans. of Proceedings on Apr. 20, 2009, filed 6/29/09 (dkt. no. 146), at 33-34.]

               **Total 2,187 pages**

This Court RECOMMENDS that the district judge award Defendant the cost of 2,187 pages at $0.15 per page, for a total of $328.05. The Court RECOMMENDS that the district judge DENY the remainder of Defendant's request for copying costs WITH PREJUDICE because Defendant failed to fully address the issues identified in the Report.

  **B.** **Deposition Transcripts**

  Although Plaintiffs did not raise any specific objections to Defendant's request for deposition transcript costs, this Court cannot tax costs beyond those enumerated in § 1920. See Crawford Fitting, 482 U.S. at 441-42. This Court must therefore review Defendant's request to determine if the deposition transcript costs are taxable.

  Defendant's deposition transcript costs consist of the original and one copy of each of the following depositions:

| | |
|---|---|
| Deposition of Sally Carvalho | $ 337.22 |
| Depositions of Donald Arthur Clothier and Christine Serafin-Clothier | $ 583.51 |
| Depositions of Frederick Ahn and Jacqueline Earle | $1,115.71 |
| **Total** | **$2,036.44** |

[Amended Bill of Costs at 4.] Defendant submitted an invoice for each expense. [Exh. A to Saito Decl.]

  Local Rule 54.2(f)(2) states, in pertinent part:

> The cost of a stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case is

> allowable. A deposition need not be introduced in evidence or used at trial, so long as, at the time it was taken, it could reasonably be expected that the deposition would be used for trial preparation, rather than mere discovery.

Defendant states that all of the depositions were obtained for trial preparation and were necessary to prepare its defense. [Mem. in Supp. of Amended Bill of Costs at 6; Saito Decl. at ¶ 5.] Ms. Carvalho was a designated representative for a Federal Rule Civil Procedure 30(b)(6) deposition, and the other deponents are all named plaintiffs in this case. Based on Defendant's submissions and this Court's knowledge of the instant case, this Court finds that, at the time these depositions were taken, it could reasonably be expected that the depositions would be used for trial preparation and not for mere discovery. This Court therefore FINDS that Defendant's deposition transcript costs are taxable in full.

### C. Summary of Taxable Costs

This Court FINDS that Defendant is entitled to the following taxable costs:

| | |
|---|---|
| Fees of the court reporter | $2,036.44 |
| Fees and disbursements for printing | $ 328.05 |
| **Total** | **$2,364.49** |

### CONCLUSION

In accordance with the foregoing, this Court, acting as Special Master, HEREBY FINDS AND RECOMMENDS that Plaintiffs' Objections to Defendant City and County of Honolulu's Amended

11

Itemized Bill of Costs, filed August 31, 2009, be GRANTED IN PART AND DENIED IN PART, and that the district judge tax costs in favor of Defendant and against Plaintiffs in the amount of $2,364.49.  The Court RECOMMENDS that the remainder of Defendant's request for costs be DENIED WITH PREJUDICE.

　　　　　IT IS SO FOUND AND RECOMMENDED.

　　　　　DATED AT HONOLULU, HAWAII, December 1, 2009.



　　　　　　　　　　　　　　　　 /S/ Leslie E. Kobayashi
　　　　　　　　　　　　　　　　Leslie E. Kobayashi
　　　　　　　　　　　　　　　　United States Magistrate Judge

**CHING YOUNG, ET AL. V. CITY & COUNTY OF HONOLULU; CIVIL NO 07-00068 JMS-LEK; REPORT OF SPECIAL MASTER ON PLAINTIFFS' OBJECTIONS TO DEFENDANT CITY AND COUNTY OF HONOLULU'S AMENDED ITEMIZED BILL OF COSTS**